UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21055-CIV-SCOLA/OTAZO-REYES

WINSTON QUINTO,

    Plaintiff,

v.

UNIVERSAL PARKING OF FLORIDA, LLC,

    Defendant.

_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Universal Parking of Florida, LLC's ("Universal" or "Defendant") Updated Motion for Attorney's Fees and Sanctions (hereafter, "Second Motion for Fees and Costs") [D.E. 94]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 89, 92]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Second Motion for Fees and Costs be GRANTED with respect to fees and GRANTED IN PART with respect to costs.

## PROCEDURAL BACKGROUND

In a Report and Recommendation dated September 6, 2016, the undersigned recommended that Universal be awarded $33,810 in attorney's fees against Plaintiff Winston Quinto ("Quinto") and his counsel Zandro E. Palma, Esq. ("Attorney Palma"), jointly and severally [D.E. 84]. The award against Quinto was pursuant to 42 U.S.C. § 1988 (hereafter, "Section 1988") and the Court's inherent powers; and the award against Attorney Palma was pursuant to 28 U.S.C. § 1927 (hereafter, "Section 1927") and the Court's inherent powers. Id.

On September 29, 2016, the Court adopted the undersigned's Report and Recommendation [D.E. 89]. Because the $33,810 award did not cover its post-judgment fees and costs, Universal filed its Second Motion for Fees and Costs seeking to recover $19,560 in fees and $523.50 in costs as further sanctions against Attorney Palma pursuant to Section 1927 and the Court's inherent powers, and as fees on fees against Quinto pursuant to Section 1988. See Defendant's Second Motion for Fees and Costs [D.E. 94 at 8-9]; Defendant's Reply [D.E. 104 at 1].

## STANDARD OF REVIEW

### *A.* *Section 1927*

Title 28, United States Code, Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "[T]he statute sets out a three-prong, conjunctive test: (1) unreasonable and vexatious conduct; (2) such that the proceedings are multiplied; and (3) a dollar amount of sanctions that bears a financial nexus to the excess proceedings." Macort v. Prem, Inc., 208 F. App'x 781, 785-86 (11th Cir. 2006) (citing Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997)). "All three requirements must be met before sanctions are imposed." Id. at 786.

"[A]n attorney multiplies proceedings unreasonably and vexatiously within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007). "But it is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." Id. As further

explained by the Eleventh Circuit:

> [A]n attorney's conduct must be particularly egregious to warrant the imposition of sanctions—the attorney must *knowingly* or *recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim. If the attorney's misconduct meets this high standard, the district court may order the attorney to pay the "costs, expenses, and attorneys' fees reasonably incurred" because of the attorney's misconduct—that is, the excess costs that the attorney's multiplication of proceedings has added to the cost of the litigation.

Id. at 1242. Under Section 1927, "[t]he court can shift fees only to counsel, not to parties." Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002).

### *B.    Court's inherent powers*

"[I]n narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel." Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980)). A court may do so "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45-46 (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)). "In this regard, if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." Id. at 46 (citing Universal Oil Prods. Co. v. Root Refining Co., 328 U.S. 575, 580 (1946); Hutto v. Finney, 437 U.S. 678, 689 n.14 (1978)). "The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." Id. (citing Hutto, 437 U.S. at 689 n.14).

"The key to unlocking a court's inherent power is a finding of bad faith." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995)); see also In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006) (The imposition of sanctions pursuant to the Court's inherent powers requires a finding of bad faith.). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Barnes, 158 F.3d at 1214 (citing Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)). Thus, a finding of bad faith is required under both Section 1927 and the Court's inherent powers.

### C. *Section 1988 Fees on Fees*

Section 1988 provides: "[i]n any action or proceeding to enforce a provision of [Section 1981] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "It is well-settled that fees-on-fees are permitted under § 1988 even though Congress did not explicitly provide for fees-on-fees therein." Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 799 (11th Cir. 2003). See also Club Madonna, Inc. v. City of Miami Beach, No. 13-23762-CIV, 2015 WL 5559894, at *10 (S.D. Fla. Sept. 22, 2015) (awarding reasonable fees incurred in litigating the fees issue).

## DISCUSSION

The undersigned has already found that Attorney Palma is subject to Section 1927 sanctions for his conduct in this case. See Report and Recommendation [D.E. 84 at 15]. Specifically, the undersigned has found that "Attorney Palma engaged in unreasonable and

4

vexatious conduct at the inception of the case and continued to engage in such conduct thereafter" and that Universal "is entitled to recover its fees in this action from Attorney Palma as a sanction pursuant to Section 1927." Id. at 17. Attorney Palma's unreasonable and vexatious conduct continued after the entry of judgment as detailed in the undersigned's findings in connection with the August 30, 2016 sanctions hearing. Id. And in his opposition to Defendant's Second Motion for Fees and Costs, Attorney Palma continues to dispute the undersigned's finding that he had dissembled before the Court at the August 30th hearing. See Plaintiff's Response [D.E. 99 at 5-7]. Therefore, the undersigned concludes that the imposition of sanctions on Attorney Palma in the amount of reasonable fees incurred by Universal in defending this action post-judgment bears a financial nexus to the excess proceedings. Moreover, because the analysis under Section 1927 is the same pursuant to the Court's inherent powers, Barnes, 158 F.3d at 1214, the undersigned concludes that sanctions against Attorney Palma should be the same under that authority.

With regard to Quinto, it is well established that fees on fees are recoverable pursuant to Section 1988. Jackson, 331 F.3d at 799; Club Madonna, 2015 WL 5559894, at *10. Therefore, Universal is similarly entitled to recover its post-judgment fees from Quinto.

## AMOUNT OF FEES AWARD

Defendant requests a fee award of $19,560, representing 65.2 hours at a rate of $300 per hour. See Second Motion for Fees and Costs [D.E. 94 at 9]. The undersigned has previously found that an hourly rate of $300 is reasonable for Defendant's counsel John Caserta ("Attorney Caserta") based on his qualifications and experience. See Report and Recommendation [D.E. 84 at 17]. The undersigned has reviewed the time records submitted by Attorney Caserta and finds that the hours spent in defending this action post-judgment on behalf of Universal are reasonable.

5

Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (The Court itself is an expert on the reasonableness of a fee request and may consider its own knowledge and experience and form an independent judgment either with or without witnesses.). Accordingly, the undersigned concludes that Universal is entitled to a post-judgment fee award of $19,560 against Attorney Palma and Quinto, jointly and severally, pursuant to Section 1927 and the Court's inherent powers as to Attorney Palma, and pursuant to Section 1988 as to Quinto.

## COSTS

Defendant also seeks to recover $448.50 as post-judgment costs incurred in obtaining the transcript of Plaintiff's deposition. See Second Motion for Fees and Costs [D.E. 94 at 6 n.6]. This amount is recoverable as "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).[1] Defendant also seeks to recover $75.00 for a previously purchased video of Plaintiff's deposition. See Second Motion for Fees and Costs [D.E. 94 at 6 n.6]. However, this cost is not recoverable given Defendant's failure to explain why video recording of the deposition was necessary in addition to transcription. See Powell v. The Home Depot, U.S.A., Inc., No. 07-80435-CIV, 2010 WL 4116488, at *6 (S.D. Fla. Sept. 14, 2010).

## RECOMMENDATION

Based on the foregoing, it is RESPECTFULLY RECOMMENDED that Defendant's Second Motion for Fees and Costs [D.E. 94] be GRANTED IN PART and that Defendant be awarded **$19,560** as post-judgment fees and **$448.50** as post-judgment costs in this action against Quinto and Attorney Palma, jointly and severally.

---

[1] Defendant quoted extensively from the deposition transcript in the Second Motion for Fees and Costs [D.E. 94 at 6-7].

6

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Robert N. Scola, Jr., United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED at Miami, Florida, this 29th day of November, 2016.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Robert N. Scola, Jr.
    Counsel of Record