United States District Court
for the
Southern District of Florida

| Winston Quinto, Plaintiff | ) |
| v. | ) |
| Universal Parking of Florida, LLC, Defendant | ) Civil Action No. 15-21055-Civ-Scola |

## Order Adopting Magistrate's Supplemental Report And Recommendation

This matter was referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendation (ECF No. 89, 5) on defendant Universal Parking of Florida, LLC's request that its post-judgment fees be included in the fee award against Plaintiff Winston Quinto and his attorney, Zandro R. Palma (Def.'s Obj., ECF No. 87, 3; Def.'s Updated Mot. for Fees, ECF No. 94). Judge Otazo-Reyes issued her supplemental report, recommending that this Court grant the updated motion for attorney's fees and award Universal $19,560.00 as post-judgment fees and $448.50 as post-judgment costs against Plaintiff Quinto and Attorney Palma, jointly and severally. (Supp. Rep. & Rec., ECF No. 105.) Quinto and Palma have filed objections (ECF No. 109) to which Universal has responded (ECF No. 111).

Judge Otazo-Reyes notes in her supplemental report that this Court has already adopted the findings and conclusions set forth in her first report, recommending that sanctions be imposed against Quinto and Palma for their pre-judgment conduct in this case. To that end, the Court awarded $33,810.00 in fees to Universal against Quinto and Palma, jointly and severally. (Order, ECF No. 89, 5.) In her supplemental report, Judge Otazo-Reyes now concludes that (1) "Palma's unreasonable and vexatious conduct continued after the entry of judgment," justifying an award of additional fees "bear[ing] a financial nexus to the excess proceedings"; and (2) with regard to Quinto, "fees on fees are recoverable pursuant to Section 1988." (Supp. Rep. & Rec. 5.)

In their two-pages of objections, Quinto and Palma protest that: (1) their conduct in this case *before* judgment was not unreasonable or vexatious; (2) their conduct in this case *after* judgment was not unreasonable or vexatious; and (3) Palma did not continue to dispute Judge Otazo-Reyes's finding that he dissembled before the Court during the August 2016 sanctions hearing. With respect to Quinto and Palma's first point, the Court reaffirms its conclusions as set forth in its order adopting Judge Otazo-Reyes's first report and recommendation regarding Quinto and Palma's pre-judgment conduct. (Order,

ECF No. 89.) As to the second point, upon a de novo review of Judge Otazo-Reyes's supplemental report and recommendation and the record in this case, the Court overrules Quinto and Palma's objections, finding that, indeed, the "unreasonable and vexatious conduct continued after the entry of judgment." (Supp. Rep. & Rec. 5.) Finally, the Court overrules Quinto and Palma's third objection as well. In Quinto and Palma's response to Universal's updated motion for fees and sanctions, they repeatedly insisted, without exception, that they "have not engaged in unreasonable and vexatio[u]s 'post-judgment' conduct." (*E.g.* Pl.'s Resp., ECF No. 99, 4, 5 ("no 'misrepresentations' were made to the Court"), 6 ("There were no misrepresentations made and Plaintiff did not engage in unnecessary and vexatious post-judgment conduct.").) These protestations are directly contrary Judge Otazo-Reyes's finding that Palma dissembled before her at the August hearing.

After making a de novo review of not only those portions of the report and recommendation that Palma objected to but also of the entire report as well as the record, the Court **affirms and adopts** Judge Otazo-Reyes's findings and recommendations imposing additional sanctions against Quinto and Palma (**ECF No. 105**). Consistent with the Report, the Court awards **$19,560.00** in post-judgment fees and **$448.50** in post-judgment costs to Defendant Universal Parking of Florida, LLC against attorney Palma and plaintiff Quinto, jointly and severally.

**Done and ordered** at Miami, Florida on April 19, 2017.

_____
Robert N. Scola, Jr.
United States District Judge